*177 OPINION óf the Court, by
Judge Owsley,
Du-I ring the absence of Samuel Estill from Kentucky, Ben-liamin Estill purchased from William M. Williams and *178 George Hubbard the benefit of two judgments, átid ex» ecutions, to the amount of about 90/; which remained -due them from said Sañiuel, Benjamin Estill canse¿f sales to be made under the #fecutions, and actually sold- and purchased himself seven of Samuel E still’s negroes, aur¡ various other property. Jarle Estill, the wife of SaMuel, during his absence also sold to Benjamin Es-till a negro woman named Viney and her child Rhody ; whjch jast described negroes came to the possession of Robert Miller by purchase*from Benjámin Estill. After the return of Samuel Estill, he exhibit«;d his bill aorainst Beniamin Estill and Robert Miller' for the ne-groes. He charges that the purchase oi the executions' from Williams and Hubbaud, and that of the negroes thereunder, was made by Beniamin Estill, as agent, for . . 7 , J J . , , . ’ . ’ , . , his benefit, under an agreement with his wife during his absence : that Benjamin Estill was to be paid for'his serv;ces as agent; and that upon his return he offered to repay Benjamin the money advanced by him for the: purchase, and compensate him for his agency, and de-míln(je(j a return of the negroes ; but Beniamin refused.' He also alleges that his wits sold the negro Viney and her child Rhody without any authority from him and a!ya\nst bis will and consent. , lie exhibits an account against Benjamin Estill anu prays an adjustmentthere-0ft and that the negroes which were.purchased under execv,-¡0BS n;ay b3 restored to him by Benjamin' Estill, and those purchased from his wife and in the possession of Robert Miller be restored by him. He' pravs general relief.
If B purcha. fesiavesofthe out authority given by S to his wife to fell, recover the flavesis at law, andnotmchan. 'ery" '
Beniamin Estill by his answer admits the wife of Sa^ muel Estill, when she ivas about going to-the state of Virginia to see her husband, requested him if the ne-groes should be sold under the executions that he would §uv them, and that she might be permitted to redecid? them by paying the money advanced and interest, on-her return from Virginia: but he denies that she applied to him to act as agent, or agreed to pay him for' his agency. He alleges he purchased the executions ow his own account, and that at the sale he did purchase with his own money and on his own account the ne-groes and other personal property-. He further charges, that having paid othe,r debts due by Samuel Estill, as the request of his wife, and said Estill being indebted *179 tto him on other accounts, he did purchase of her the negro V-iney and her child, for the purpose of discharging the debts of said Samuel. He alleges that Samuel Estill, on his return homey'assented to the purchase of the negroes from his wife. He exhibits an account of debts owing by Samuel Estill and paid by hjm. He de-mies fraud, &c.
Robert Miller by his answer says his father purchased the negroes Viney and her child from Benjamin Estill, for a fair and full price, without notice, ,&c. and gave themtohim. He denies all fraud, &c.
On a hearing of the cause the court below decreed ;the negroes purchased under the,executions tobe restored by Benjamin Estill, and the negro Viney and her increase to be restored by Robert Miller, &c.; from which decree both parties prosecuted appeals.
Two points are presented for determination in this cause — 1st, Whether Samuel Estill is entitled to relief for the negroes? 2d, Ought compensation for hire Lave been decreed ?
The first point divides itself into two inquiries : first, -as to the negroes purchased under the executions ; secondly, as to the negro Viney and her increase, purchased of Samuel Estill’s wife. -
That Benjamin Estill acquired no absolute property In the negroes purchased under the execut'onr,, we think -evident. The evidence satisfactorily proves he-made *the purchase for the use and benefit of Samuel Estill, at the request his wife : or, was the purchase not made for that purpose, Benjamin Estill must have been guilty ■of a fraud. For it is obvious from his confession to Wallace Estill, and other circumstances detailed in evidence, that the advertisement of the sale was taken down by his procurement, by which means but few persons attended the sale, and the negroes sold for much less than their real value.
Whether, therefore, Benjamin Estill purchased the I negroes for the use of Samuel Estill, or, was guilty of a ; fraud in procuring the sale, and purchased for his own benefit, in either point of view he has not acquired an absolute property in the negroes, and Samuel Estill is I entitled to relief. The court, therefore, decreed cor-I rectly in ordering the negroes purchased under those j^yecutions to be restored. .
*180 As to Viney and her increase, purchased of Samuel Estill’s wife, we can perceive no ground for relief in a pourt of equity:’ for it the purchase was made, as is alleged, without authority from the husband, it cannot bind him, unless by his subsequent acts he has confirmed the sale. * Whether, however, the contract is, or is not binding, is a question purely legal, and properly cognizable at law ; and ho circumstances exi§t in the pre - sent case which seem to demand the aid of a court of equity. So much of the decree, therefore, as ordered the negroes Vinyy and her increase to be restored, is erroneous.
It remains to be determined whether Benjamin Estill should make compensation for the hire of the negroes to be restored. We can perceive no just objection against a decree for compensation : for if he did not acquire a ¡right to thy negroes under his purchase, he must be considered as holding them in-trust for Samuel Estill, and consequently should account for their services during the time he has had' them in possession. But as Benjamin Estill has advanced money for Samu-ql Estill, in paying his debts, he should be repaid those sums, with legal interest thereon until they are paid.
Thé decree must be reversed, the cause remanded, and a decree entered according to the principles of this decree. Each party to pay their own costs in this court.